[Civ. No. 59774. Second Dist., Div. Four. Aug. 12, 1982.]

CRESCENT WHARF & WAREHOUSE COMPANY,
Cross-defendant and Appellant, v.
CITY OF LOS ANGELES, Cross-complainant and Respondent.

COUNSEL

Jack Williams and Merrill K. Albert for Cross-defendant and Appellant.

Bolton, Hemer & Dunn, Bolton, Dunn & Moore and Donald H. Moore for Cross-complainant and Respondent.

OPINION

**KINGSLEY, Acting P. J.**—This is an appeal from a judgment on a cross-complaint, requiring appellant to indemnify respondent city for a judgment rendered in an action for personal injuries. We affirm.

In 1975 a man named Svorinich, employed by appellant, was injured while operating a forklift on a wharf owned by the city and then used by appellant. That action resulted in a substantial judgment in favor of Svorinich against the city, against which appellant was allowed a share for the workers' compensation benefits paid to Svorinich. The city cross-complained against appellant, contending that, under the terms of appellant's use of the wharf, it was obligated to hold the city harmless even for the city's own negligence. The trial court agreed with the city and gave judgment in its favor from which appellant has appealed; we affirm.

Appellant is a regular user of the city's wharf in its business of loading and unloading cargo. It has entered into an agreement with the city

expressly providing for the indemnity herein involved. The contentions here made are: (1) that the agreement between the city and appellant did not apply to the use of the wharf herein involved; (2) that the indemnity provision violated section 905 of the Longshoremens' and Harbor Workers' Act as amended in 1972 (33 U.S.C.A. § 905); and (3) that the indemnity provision also violates section 17 of the Shipping Act of 1916 (46 U.S.C.A. § 816.) We reject all three contentions.

I

The wharf herein involved was assigned to another stevedore, but was used by appellant in this instance with the permission of the assignee and with the knowledge of the city. Appellant's claim is that its agreement with the city applied only to the wharfs directly assigned to it. The trial court rejected that contention, as do we. The agreement between appellant and the city contained the following provision:

"(e) The conditions, operations, use, occupation, acts, omissions or negligence referred to in (a), (b) and (c) above, existing or conducted by the assignee, its agents, officers, employees, licensees, permittees or invitees, *of any other premises within the Harbor District*, as defined in the Charter of said City, and which premises are used or occupied by the assignee, its agents, officers, employees, licensees, permittees or invitees, without the express written authorization of the Board of Harbor Commissioners of the General Manager.

"The term 'person', as used in this Paragraph 13 and Paragraph 15, shall include, but not be limited to officers and employees of the assignee."

II

Section 905 of the Longshoremen's and Harbor Workers' Act, provides as follows:

"(a) The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal

representative in case death results from the injury, may elect to claim compensation under the chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, or that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the employee.

"(b) In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of section 933 of this title, and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void. ... If such person was employed by the vessel to provide ship building or repair services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing ship building or repair services to the vessel. The liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred. The remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this chapter." ▮ We have read the extensive discussion, as given to us in appellant's brief, in Congress relating to the intent of that section. We conclude, as did the trial court, that the section was applicable only between a vessel and a stevedore and that it was not intended to apply to actions between a stevedore and a wharf owner. The policy reasons presented for the 1972 amendment deal only with regulating liability as between vessels and stevedores; none of the reasons apply in case the liability of the vessel itself is not involved. Here the vessel involved is totally unconcerned over whether the city or the employing stevedore pays Mr. Svorinich for his injuries.

### III

Section 17 of the Shipping Act of 1916, provides as follows: "Every such carrier and every other person subject to this chapter shall establish, observe, and enforce just and reasonable regulations and practices relating to or connected with the receiving, handling, storing or delivering of property. Whenever the Commission finds that any such regulation or practice is unjust or unreasonable it may determine, prescribe, and order enforced a just and reasonable regulation or

practice." ■ Appellant cites, as authority for applying that section, *American Export Isbrandtsen Lines, Inc.,* v. *Federal Mar. Com'n* (D.C.Cir. 1968) 389 F.2d 962. However, that case dealt only with the validity of an order of the Federal Maritime Commission under section 17. However, as explained in *Maryland Port Administration* v. *SS American Legend* (D.Md. 1978) 453 F.Supp. 584, 592-593, enforcement of that provision lies in the first instance with the commission and, absent a ruling by the commission, the validity of a clause such as this is not an issue that can be raised in a judicial proceeding such as this.

The judgment is affirmed.

McClosky, J., and Amerian, J., concurred.

A petition for a rehearing was denied September 1, 1982.